The Honorable D.R. "Buddy" Wallis State Representative Rt. 5, Box 48 Malvern, Arkansas 72104-9104
Dear Representative Wallis:
This is in response to your request for an opinion on the following question:
 If a county, by means of a resolution of the Quorum Court, undertakes a sewer facility construction project and applies for grant funds for the construction of the same, can the administrative control of the project be transferred to a municipality within the same county without approval of the Quorum Court and/or the Board of Directors of the municipality?
It is my understanding that your question has reference to a proposed sewer facility construction project to be constructed at the Garland County Industrial Park. It is also my understanding that the question posed above may now be moot, as federal grant funds for the project have, at least temporarily, been denied pending the site's evaluation as a possible EPA "superfund" site.
In any event, it is my opinion, with regard to this particular project, that approval of the quorum court and the municipality, for at least shared administrative control of the project, was ultimately given.
The Garland County Quorum Court in March of 1992 adopted a resolution authorizing the county judge to submit an application for grant funds for the project, to accept financial assistance from the federal government and the state, and to expend the funds to construct sewer collection facilities at the Garland County Industrial Park. See Garland County Resolution R-92-3. In October of 1992, the County Judge entered into a "Memorandum Agreement" with the Hot Springs City Manager whereby the county was to administer the project, and the city was to provide additional funding and accept ownership of the facilities upon completion of the project. Resolution R-92-3 was thereafter repealed and replaced in January of 1993, by Resolution R-93-1, which gives the County Judge the same authority, but indicates that the City of Hot Springs will commit funds to the project and "will provide additional funds to cover budget overruns and/or any additions during the construction phase of the project." Resolution R-93-1, Section 3. In January of 1993, the City of Hot Springs Board of Directors passed Resolution 2768, which authorizes the City Manager to apply for federal and state grant funds for the project, and to expend these funds and additional sums necessary to cover budget overruns and additions.
The question presented is whether "administrative control of the project can be transferred to the City of Hot Springs without the approval of the Garland County Quorum Court or the Hot Springs City Board of Directors. Your question involves the validity of the October 1992 "Memorandum Agreement" between the County Judge and the City Manager.[1] It is my opinion that the County Judge has authority to enter into such agreements if "necessary" to apply for or receive federal funds. See A.C.A. §14-14-1102(b)(7)(A). These agreements must be filed as public records with the county clerk. A.C.A. § 14-14-1102(b)(7)(B).
It is also my opinion, however, that Arkansas statutes do not clearly authorize the Hot Springs City Manager to enter into such an agreement unless acting "pursuant to authority of the legislative body" of the city. See A.C.A. § 14-54-108 and generally, A.C.A. § 14-47-120. This authority was, according to my information, not supplied until after the execution of the agreement. See Resolution 2678.
In any event, it appears that the issue has been mooted by the denial of federal grant funds based upon the site's evaluation as a possible "superfund" site.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana Cunningham Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] We should note, however, that under this agreement, the county retains "administrative control" of the project.